UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION | Case No. 3:19md2885 |
| This Document Relates to: *Lonnie Burgus*, 7:20cv00007 | Judge M. Casey Rodgers Magistrate Judge Gary R. Jones |

# ORDER

This matter is before the Court on Plaintiff Lonnie Burgus's Motion to Dismiss Without Prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). Mr. Burgus seeks dismissal without prejudice based on DOEHRS data recently produced by the Department of Defense. *See* Pl.'s Mot. to Dismiss, ECF No. 9, at 4. Defendants oppose Plaintiff's request for dismissal *without* prejudice, and insist Plaintiff's case should instead be dismissed *with* prejudice. *See generally* Defs.' Opp., ECF No. 10.

## BACKGROUND

On February 27, 2020, Mr. Burgus was selected randomly by the Court as an alternate for the bellwether trial pool pursuant to the procedures for bellwether selection set forth in Pretrial Order Nos. 23 and 24. *See* Pretrial Order No. 29, ECF No. 1015. Discovery, including case-specific discovery, has been ongoing since then. On June 2, 2020, the Court entered an Order setting forth the process by which

the bellwether trial pool would be grouped into four trial groups, Groups A, Group B, Group C, and Group D.  *See* Pretrial Order No. 40, ECF No. 1158.

At the June 12, 2020 bi-weekly Leadership call, Plaintiff's Leadership informed the Court that a recent production of DOEHRS data, including audiograms, from the Department of Defense disclosed that Mr. Burgus suffered significant hearing loss nearly a decade before his use of the Combat Arms Earplug Version 2 (CAEv2).  *See* Defs.' Opp. at Ex. 2, June 12, 2020 Leadership Teleconference Tr., Case No. 3:19md2885 ECF No. 1198, at 8:20-9:6.  Accordingly, the Court paused the process for placing the remaining alternate bellwether plaintiffs, including Mr. Burgus, into the remaining trial groups.

Pursuant to Case Management Order No. 13 (ECF No. 1203), the Court was recently advised that Mr. Burgus no longer wished to proceed as a bellwether Plaintiff, and Mr. Burgus was removed from the bellwether trial pool.

## DISCUSSION

Mr. Burgus requests dismissal without prejudice per Rule 41(a)(2) because the reason for his seeking dismissal—the DOEHRS data—was only recently discovered "through no fault of his own or his attorneys," and Defendants would not suffer any prejudice from a dismissal without prejudice.  *See* Pl.'s Mot. at 4.

Rule 41(a)(2) is meant to "primarily . . . prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions."

*Arias v. Cameron*, 776 F.3d 1262, 1268 (11th Cir. 2015). Under Rule 41(a)(2), an action that has proceeded past service of an answer or motion for summary judgment by the opposing party may be dismissed at the plaintiff's request, but "on terms that the court considers proper." Accordingly, the court has discretion to dismiss the case with or without prejudice. *See Macort v. Prem, Inc.*, No. 04-15081, 2005 WL 8151794, at *3 (11th Cir. Mar. 29, 2005); *see also Arias*, 776 F.3d at 1269 ("[T]he court should . . . attach[] such conditions to the dismissal as are deemed appropriate.").

In reaching its determination, the court should weigh the relevant equities and "do justice between the parties," *McCants v. Ford Motor Co.*, 781 F.2d 855, 857 (11th Cir. 1986), keeping in mind that "dismissal [with prejudice] is the most severe sanction that a court may apply," *United States v. $70,670.00 in U.S. Currency*, 929 F.3d 1293, 1301 (11th Cir. 2019), cert. denied sub nom. *Salgado v. United States*, 206 L. Ed. 2d 713 (Apr. 6, 2020) (alteration in original) (quoting *Durham v. Fla. E. Coast Ry. Co.*, 385 F.2d 366, 368 (5th Cir. 1967)). "[I]n most cases, dismissal [without prejudice] should be granted unless the defendant will suffer clear legal prejudice, other than the mere prospect of a subsequent lawsuit, as a result." *See McCants*, 781 F.2d at 856-57. Determining clear legal prejudice requires courts to ask the "crucial" question of "[w]ould the defendant lose any substantial right by the dismissal." *Pontenberg v. Bos. Sci. Corp.*, 252 F.3d 1253, 1255 (11th Cir. 2001).

The Eleventh Circuit has affirmed district court denials of plaintiffs' motions to dismiss without prejudice based on findings of clear legal prejudice against defendants where defendants have spent extensive time and expense on discovery, motions practice, and trial preparation, and where motions for summary judgment on the merits of the claims were pending[1]. *See, e.g.*, *McBride v. JLG Indus., Inc.*, 189 F. App'x 876, 878 (11th Cir. 2006); *Stephens v. Georgia Dep't of Transp.*, 134 F. App'x 320, 323 (11th Cir. 2005); *Fisher v. Puerto Rico Marine Mgmt., Inc.*, 940 F.2d 1502, 1503 (11th Cir. 1991); *see also McCants*, 781 F.2d at 860 ("A plaintiff ordinarily will not be permitted to dismiss an action without prejudice under Rule 41(a)(2) after the defendant has been put to considerable expense in preparing for trial."). That plaintiff could obtain a tactical advantage over defendant in future litigation, however, is no bar to voluntary dismissal without prejudice. *See McCants*, 781 F.2d at 856-57.

Defendants will not suffer clear legal prejudice from dismissal of Mr. Burgus without prejudice. Mr. Burgus was selected as an alternate in the bellwether trial pool, and was not selected for any trial group, let alone the first trial group, Group A. Discovery remains ongoing, and as of the date of this Order, fact discovery in only Group A is set to close on October 2, 2020. *See* Pretrial Order No. 43, ECF

---

[1] *But see Potenberg*, 252 F.3d at 1258 ("[T]he mere attempt to avoid an adverse summary judgment ruling in and of itself, particularly where there is no evidence of bad faith, does not constitute plain legal prejudice.").

Case No. 7:20cv7/MCR/GRJ

No. 1204. Defendants do not argue, and the Court does not find, that dismissal of Mr. Burgus without prejudice would waste substantial time and costs Defendants have spent preparing his case for trial so as to clearly prejudice Defendants. Nor does Mr. Burgus's motion for dismissal without prejudice come at a time when motions for summary judgment on the merits of Plaintiff's claims are pending.[2]

Moreover, Defendants do not argue that *Mr. Burgus* has otherwise engaged in prejudicial dilatory tactics by seeking dismissal without prejudice. Mr. Burgus's case has been pending for only seven months, and thus far, he has complied with the Court's orders. Instead, Defendants warn that permitting Mr. Burgus to dismiss his case without prejudice could incentivize *other* bellwether plaintiffs to "jump ship." *See* Defs.' Opp. at 9. Although the undersigned appreciates Defendants' position, the *potential* that additional bellwether plaintiffs will follow suit and seek dismissal without prejudice does not amount to clear legal prejudice here. With that said, the undersigned recognizes the importance of efficient case management, particularly in an MDL, and maintaining the integrity of the bellwether process to the just and

---

[2] Mr. Burgus cites the recently produced DOEHRS data as the reason for his seeking dismissal. *See* Pl.'s Mot. at 4. He does not specifically point to what in the DOEHRS data influenced his motion, but it is possibly because the DOEHRS data show Mr. Burgus suffered significant hearing loss well *before* the CAEv2 was made available to military servicemen and women. *See* Defs.' Opp. at Ex. 1; Defs.' Opp. at Ex. 2, June 12, 2020 Leadership Teleconference Tr. 8:20-9:9, 11:13-19 (Plaintiffs' Leadership noting that it was "an issue that may require the case not to proceed in some form or fashion"). Because there are no pending motions on the merits of any plaintiff's claims, including causation, the Court is reluctant to find that Mr. Burgus's motion is motivated to avoid an impending adverse ruling.

Case No. 7:20cv7/MCR/GRJ

speedy determination of the litigation.  *See* Fed. R. Civ. P. 1; *see also In re FEMA Trailer Formaldahyde Prod. Liab. Litig.*, 628 F.3d 157, 163 (5th Cir. 2010) ("Courts must be exceedingly wary of mass litigation in which plaintiffs are unwilling to move their cases to trial.").  Should additional bellwether plaintiffs seek dismissal without prejudice as their cases progress in discovery or head to trial, the Court may find dismissal with prejudice warranted.

Accordingly:

1. Plaintiff's Motion to Dismiss Without Prejudice, ECF No. 9, is **GRANTED**.

2. This action is hereby **DISMISSED WITHOUT PREJUDICE**.

3. The Clerk is directed to close the file in its entirety for all purposes.

**SO ORDERED**, on this 13th day of July, 2020.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**